UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                                      Case No. 8:14-cv-1580-T-33TBM

GREGORY WEAVER,

    Defendant.
_____/

## O R D E R

THIS MATTER is before the Court on **Plaintiff's Motion to Compel Defendant's Discovery Responses and Fed. R. Civ. P. 26 Disclosures** (Doc. 37). Defendant, who is proceeding *pro se*, failed to file a response, but appeared at hearing on July 23, 2015.

This is an action for copyright infringement, in which Plaintiff claims that it holds copyrights for several films that have been allegedly copied and distributed by Defendant without permission or authority through the use of BitTorrent peer-to-peer network. Plaintiff claims that its forensic investigation indicates that Defendant engaged in BitTorrent transactions associated with 768 files between January 23, 2014 and June 6, 2014. It identifies Defendant as "persistent BitTorrent user." (Doc. 10).

By its motion to compel, Plaintiff complains that Defendant has failed to provide his Rule 26 initial disclosures, answer interrogatories, and respond to document requests. (Doc. 37).

Upon consideration, **Plaintiff's Motion to Compel Defendant's Discovery Responses and Fed. R. Civ. P. 26 Disclosures** (Doc. 37) is **GRANTED in part and DENIED in part** as follows:

**(1)** Pursuant to the Case Management and Scheduling Order (Doc. 33, amended by Doc. 41), the district judge imposed deadlines and scheduling that are to be abided by in this action. The mandatory initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)[1] were to be provided by May 15, 2015. (Doc. 33 at 1). It appears that despite multiple attempts by Plaintiff to obtain Rule 26 disclosures from Defendant, Defendant has failed to provide same. Accordingly, the motion to compel is **granted** to the extent that if

---

[1]Rule 26 provides, in pertinent part:
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).

such information has not already been provided <u>Defendant is ordered to serve his Rule 26 disclosures to Plaintiff within ten (10) days of this Order</u>.

**(2)** With regard to Plaintiff's First Set of Interrogatories, the Motion is **denied without prejudice.** As represented at the hearing, Defendant provided responses to the interrogatories prior to the hearing.

**(3)** With regard to Plaintiff's First Requests for Production, the motion is **granted in part and denied in part.** By agreement of the Defendant, Plaintiff is permitted to access to Defendant's computer hard drive(s)[2] in order to copy or image the same. Plaintiff's representative shall be permitted access to Defendant's computer in order to perform the copying. Plaintiff and Defendant shall coordinate a mutually agreeable date and time – <u>within twenty (20) days of this Order</u> – to accomplish this task.

As discussed at the hearing, the Court finds many of the requests for production (*see* Doc. 37-2) overly broad, and, accordingly, no additional production will be required at this time. If, upon review of Defendant's hard drive(s), Plaintiff determines that additional requests are necessary, Plaintiff may serve such requests that are tailored to address the claims and defenses raised in this action.[3]

---

[2] Defendant represented at the hearing that he has only one computer – a MacBookPro – and no other device in his possession on which he used a BitTorrent peer-to-peer network.

[3] Counsel advises that settlement negotiations are underway. Should the matter be settled prior to the deadlines set forth herein, no additional discovery will be allowed.

**(4)** Plaintiff's request for attorney's fees and costs is **denied.**  If Defendant fails to abide by this Order, the matter of sanctions, monetary or otherwise, may be revisited on a subsequent motion.

To the extent not granted hereby, the motion is denied.

**DONE AND ORDERED** in Tampa, Florida, this 23rd day of July 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
*Pro Se* Defendant