UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 8:14-cv-01580 |
| ) | |
| v. ) | |
| ) | |
| GREGORY WEAVER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT GREGORY WEAVER SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THIS COURT'S ORDER OF JULY 23, 2015 [CM/ECF 44]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for the entry of an order (1) directing Defendant Gregory Weaver ("Defendant") to show cause why he should not be held in contempt for failure to abide by this Court's Order of July 23, 2015 [CM/ECF 44]; (2) *again* compelling Defendant to *immediately* produce his hard drive for imaging; and (3) awarding Plaintiff its reasonable attorney's fees and costs incurred in moving to compel Defendant's production and in connection with the instant Motion. Plaintiff states as follows in support.

   I.   **INTRODUCTION**

This is a copyright infringement lawsuit that concerns Plaintiff's assertion that Defendant has utilized his wireless internet and a hard drive to download, copy, and redistribute pirated copies of thirty one (31) of Plaintiff's copyrighted works without Plaintiff's consent. It is Plaintiff's belief that once it has an opportunity to image and examine Defendant's hard drives, Plaintiff will find the fruit of Defendant's six-month infringement (*i.e.*, Plaintiff will find evidence of BitTorrent use and Plaintiff's copyrighted works on Defendant's hard drives or, in the alternative, evidence of spoliation or suppression of evidence). It must go without saying

1

that although Defendant's hard drives are not necessarily outcome dispositive, they are, indeed, at the heart of this litigation and are key pieces of evidence.

Defendant has represented to Plaintiff and the Court that he has only one hard drive—a MacBook Pro—and that no other computer devices were in his possession during the pertinent time period. Plaintiff asked Defendant to produce his hard drive for examination on April 27, 2015. After Defendant failed to do this or to otherwise respond, this Court entered an Order on July 23, 2015 compelling Defendant to produce—or arrange for the production of—his hard drive by August 12, 2015. This Court orally and in writing explained to Defendant, who is proceeding *pro se*, that his continued noncompliance with his discovery obligations would be sanctionable. Nevertheless, Defendant has failed to cooperate with Plaintiff and has effectively ignored Plaintiff's diligent efforts to obtain Defendant's hard drive. Defendant neither produced nor arranged to produce his hard drive by August 12, 2015 as required by Court Order. In fact, despite Plaintiff's constant and repeated requests for a date certain upon which Defendant's hard drive can be imaged, Defendant still fails to produce or arrange to produce his hard drive. Plaintiff now comes to the Court for assistance.

II. FACTS

Plaintiff served Defendant with Requests for Production on April 27, 2015. *See* CM/ECF 37-2. Defendant failed to timely respond to this request by June 1, 2015, prompting Plaintiff to file a Motion to Compel on June 16, 2015. *See* CM/ECF 37. A hearing on Plaintiff's Motion to Compel was held on July 23, 2015, during which Your Honor reminded Defendant of his obligations to promptly and diligently participate in this action and to comply with his discovery obligations. Following the hearing, this Court entered an Order granting Plaintiff's motion and compelling Defendant to produce—or arrange for the production of—his hard drive for imaging

within 20 days—*i.e.*, by August 12, 2015.  *See* CM/ECF 44 ("Plaintiff is permitted access to Defendant's computer hard drive(s) in order to copy or image the same.  Plaintiff's representative shall be permitted access to Defendant's computer in order to perform the copying.  Plaintiff and Defendant shall coordinate a mutually agreeable date and time – <u>within twenty (20) days of this Order</u> – to accomplish this task.").  This Court declined to award Plaintiff its attorney's fees and costs, but noted that Defendant's failure to abide by the Order would likely warrant the issuance of compensatory fees, and possibly sanctions.  *See id.* ("Plaintiff's request for attorney's fees and costs is denied.  If Defendant fails to abide by this Order, the matter of sanctions, monetary or otherwise, may be revisited on a subsequent motion.").

On July 28, 2015, after entry of this Order, Plaintiff's counsel emailed Defendant asking: "Do you have a proposed date to schedule hard drive imaging?  I would like to reach out to our computer professional to image the drive but I need a proposed date." Email Correspondence attached hereto as an Exhibit.  Defendant did not respond, so Plaintiff's counsel followed up with Defendant the next day, again asking him to "please let me know of a suitable date for imaging your hard drives." *Id.*  After no response again, Plaintiff once again emailed Defendant five days later on August 3, 2015 to inquire about the production of his hard drive.  In this email, Plaintiff also copied Plaintiff's computer professional ("Mr. Denney"), and provided Mr. Denney's contact information to facilitate the imaging:

> Greg,
>
> I have not heard from you regarding hard drive production.  To make this process easier, I am CCing Dwayne Denny to this email.  Plaintiff has retained Mr. Denny from Data Specialist Group to image your computer.  Below is his contact information.  Please feel free to schedule the imaging session directly with Mr. Denny – just be sure to keep me in the loop.

3

*Id.*

Defendant finally responded to this email, acknowledging receipt and agreeing to coordinate with Mr. Denney, advising that "a date that works well for you, should be fine for me." *Id.* The next week, Plaintiff checked in with Defendant to ensure that he had coordinated with Mr. Denney to schedule the imaging of his hard drive. *See id.* Defendant did not respond, and Mr. Denney subsequently advised that he had not heard from Defendant. August 12, 2015—the date by which Defendant was required to schedule his hard drive imaging—came and went, but Defendant still ignored Plaintiff's efforts to image his hard drive.

The next week, Plaintiff again contacted Defendant, imploring him to comply with his discovery obligations and stating: "I really do not want to upset the judge with any further delays in this case. Can you please reach out to Mr. Denny to arrange imaging?" *Id.* Mr. Denney also emailed Defendant, advising: " We can meet with you over the weekend if weekdays are an issue for you. I'm available till 12:30 pm today if you would like to call me to schedule. … I will be in the office all day Friday if you can't reach out to me today." *Id.* Defendant did not respond until the next day, at which point he indicated that he "had a lot of flexibility and could likely schedule something at [Mr. Denney] and your convenience." *Id.* Although Defendant then mentioned "the possibility of Wednesday," he subsequently advised Mr. Denney that that date was inconvenient. Defendant did not provide alternative dates or times, and so Mr. Denney offered Defendant three other days during which he would be available to image Defendant's hard drives. *See id.* Defendant did not respond and has made no further contact. Nor has Defendant responded to Plaintiff's most recent email pleading with Defendant to "please provide us with a date for imaging." *Id.*

Despite Plaintiff's diligent efforts, Defendant fails to cooperate. To date, Defendant has

4

still failed to advise of his availability for hard drive imaging, and he has made no effort to facilitate the Court-ordered hard drive imaging.  Defendant's ongoing failure to participate in this litigation not only needlessly delays resolution of this case but amounts to a blatant violation of (1) Your Honor's oral mandates during the hearing on Plaintiff's Motion to Compel and (2) this Court's July 23, 2015 Order.  Plaintiff is understandably frustrated with Defendant's ongoing noncompliance with the Federal Rules and with this Court's orders, and Plaintiff now asks the Court to intervene and come to its aid.  To that end, Plaintiff asks the Court to enter a show cause order directing Defendant to explain why he should not be sanctioned and held in contempt for his ongoing discovery failures and violations.  As a part thereof, Plaintiff asks this Court to *again* compel Defendant to *immediately* produce his hard drive and to award Plaintiff the fees it incurred in moving to Compel Defendant's production and in connection with the instant Motion.

### III.  ARGUMENT

#### A.  Legal Standard

If a defendant fails to comply with a court order, a plaintiff may "move the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned."  *Commodores Entm't Corp. v. McClary*, 2014 WL 6610128, *1 (M.D. Fla. Oct. 21, 2014); *see also Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) ("When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt.").  "[T]he power of courts to punish for contempt is a necessary and integral part of the judiciary, and is absolutely essential to the performance of the

5

duties imposed on them by law. Absent this power, courts would be mere boards of arbitration, whose judgments and decrees would be only advisory." *Sticky Holsters, Inc. v. Tagua Leather Corp.*, No. 2:14-cv-500, 2015 WL 1349968, *1 (M.D. Fla. Mar. 25, 2015). Civil contempt orders enforce the message that court orders are to be complied with in a prompt manner, and sanctions are "employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013).

To establish Defendant's civil contempt, Plaintiff must show, by clear and convincing evidence, that "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Delta Sigma Theta Sorority, Inc. v. Bivins*, No. 2:14-cv-147, 2015 WL 1400435, *2 (M.D. Fla. Mar. 26, 2015) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). If this showing is made, then the burden shifts to Defendant to "show a present inability to comply." *Id.* "The focus of a court's inquiry in a civil contempt proceeding is not on the subjective beliefs or intent of the alleged contemnors in complying with the court order, but whether in fact their conduct complied with the order at issue." *Id.*

### B.  Defendant Should Be Held In Contempt

This Court validly, lawfully, clearly, definitely, and unambiguously entered an order compelling Defendant to produce—or arrange to produce—his hard drive for imaging by August 12, 2015. Plaintiff diligently attempted to comply, but Defendant did not timely produce—or arrange to produce—his hard drive. As of the filing of this Motion, Defendant has still not produced—or arranged to produce—his hard drive for imaging. Since Defendant has the capability of producing his hard drive, he unquestionably has violated this Court's order. Civil

6

contempt sanctions are thus warranted, especially since Your Honor expressly admonished Defendant about his noncompliance and advised him of the importance of complying with this Court's orders during the July 23, 2015 hearing on Plaintiff's Motion to Compel.

### 1. The Order Is Valid And Lawful

The first factor in the analysis is satisfied because this Court's July 23, 2015 Order was "valid and lawful." Indeed, the Order was issued after due notice and hearing, and merely compelled Defendant to comply with his discovery obligations, as set forth in Federal Rules of Civil Procedure 26 and 34. *See* CM/ECF 44. Plaintiff is unaware of any authority to conceivably support finding this Court's Order invalid or unlawful.

### 2. The Order Is Clear, Definite, And Unambiguous

The second factor in the analysis is satisfied because this Court's July 23, 2015 Order was "clear, definite, and unambiguous." It required Defendant to produce—or arrange to produce—his hard drive for imaging by no later than August 12, 2015. *See* CM/ECF 44 ("Plaintiff is permitted access to Defendant's computer hard drive(s) in order to copy or image the same. Plaintiff's representative shall be permitted access to Defendant's computer in order to perform the copying. Plaintiff and Defendant shall coordinate a mutually agreeable date and time – <u>within twenty (20) days of this Order</u> – to accomplish this task."). This Court's directive is not subject to alternative interpretations, and the parties both orally acknowledged their understanding during the July 23, 2015 hearing (*i.e.*, Plaintiff's counsel and Defendant both acknowledged at the hearing that they would promptly coordinate the imaging of Defendant's hard drive).

### 3. Defendant Can Comply With The Order

The final factor in the analysis is also satisfied because, clearly, Defendant has the ability

7

to comply with this Court's July 23, 2015 Order.  Defendant obviously has the ability to produce his own hard drive for imaging.  Defendant expressly indicated as much at the July 23, 2015 hearing, and the July 23, 2015 Order so reflects.  *See* CM/ECF 44 at p. 3 ("*By agreement of the Defendant*, Plaintiff is permitted to … copy or image the [hard drive].").  Not only did Defendant acknowledge that he has the ability to produce his hard drive and not only did he expressly agree to produce same, but Plaintiff and Mr. Denney have taken additional steps to facilitate Defendant's compliance.  Plaintiff repeatedly reached out to Defendant to schedule the hard drive imaging, and provided Defendant with Mr. Denney's direct contact information.  *See* Email Correspondence attached hereto as an Exhibit.  Mr. Denney himself also reached out to Defendant on multiple occasions, proposing numerous dates and times to image Defendant's hard drive.  *See id.*  Defendant has effectively ignored these efforts.  He has made no effort to arrange for the Court-ordered hard drive imaging.  Defendant neither produced nor arranged for the production of his hard drive by the August 12, 2015 deadline.  Nor has Defendant done so now, sixteen days later.

## C. Defendant Should Be Sanctioned And Plaintiff Is Entitled To Its Reasonable Attorney's Fees And Costs

Based on the foregoing, Defendant is clearly in contempt and should be sanctioned accordingly.  At this juncture, Plaintiff also respectfully submits that it is entitled to now recoup its fees and costs expended in attempting to bring about Defendant's discovery compliance.  Although this Court granted Plaintiff's prior motion to compel Defendant's hard drive production, it denied Plaintiff's request for attorney's fees and costs without prejudice at that time, noting that the issue would be revisited if Defendant continued to ignore his discovery obligations.  *See* CM/ECF 44 ("If Defendant fails to abide by this Order, the matter of sanctions, monetary or otherwise, may be revisited.").  And, the Federal Rules actually indicate that if a

motion to compel is granted (as it was here), then, except in circumstances not here applicable, "the court *must* … require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…." Fed. R. Civ. P. 37(a)(5)(A).

Since Defendant's failure to comply with his discovery obligations continues, even following this Court's July 23, 2015 Order (which was issued to ensure that Defendant would not continue to ignore his discovery obligations), Plaintiff has been forced to file the instant motion to ensure that it obtains the discovery to which it is entitled so that the litigation may proceed timely and on track with the Court's deadlines. This Court expressly notified Defendant, both at the July 23, 2015 hearing and in the July 23, 2015 Order, that he might be exposed to "sanctions, monetary or otherwise" should he fail to timely arrange for his hard drive production. CM/ECF 44. Defendant has thus been expressly notified—both orally and in writing—of the importance of diligently participating in this lawsuit and the risks he faces for his noncompliance. Under the circumstances, Plaintiff is entitled to recover the attorney's fees and costs Defendant has forced it to incur. *See* CM/ECF 44; *see also, e.g.*, *Nat'l Union Fire Ins. Co. v. Olympia Holding Corp.*, 140 Fed. Appx. 860, 861 (11th Cir. 2005) (awarding attorney's fees in connection with a finding of civil contempt); *New Horizons Computer Learning Centers, Inc. v. Silicon Valley Training Partners, Inc.*, No. 2:02-cv-459, 2003 WL 23654790 (M.D. Fla. Nov. 12, 2003) (same).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for the entry of an order (1) directing Defendant to show cause why he should not be held in contempt for his failure to abide by this Court's Order of July 23, 2015 [CM/ECF 44]; (2) *again* compelling Defendant to *immediately* produce his hard drive for imaging; and (3) awarding Plaintiff its reasonable

attorney's fees and costs incurred in moving to compel Defendant's production and in connection with the instant Motion.

Respectfully submitted,

LIPSCOMB EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*
**M. Keith Lipscomb, Esq.**
Florida Bar No. 429554
klipscomb@lebfirm.com
**Daniel C. Shatz, Esq.**
Florida Bar No. 94696
dshatz@lebfirm.com
**Emilie Kennedy, Esq.**
Florida Bar No. 92808
ekennedy@lebfirm.com
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Daniel C. Shatz*

## CERTIFICATE OF CONFERRAL – L.R. 3.01(g)

To the extent such a conference is required for a Motion for an Order to Show Cause, I hereby certify that, as reflected in the Exhibit attached hereto, Plaintiff has diligently and in good faith attempted to obtain Defendant's hard drive and resolve the matters set forth in this Motion. Defendant has stated that he has no objection to providing his hard drive for production, but he failed to make the production by the deadline imposed by this Court, and he still fails to schedule the production.  Indeed, Plaintiff's most recent good faith conferral requesting production of Defendant's hard drive (made yesterday at 4:43 PM) went wholly unanswered.  Despite Plaintiff's counsels' constant and repeated requests for a date certain upon which Defendant's hard drive can be imaged, Defendant continues to fail to arrange for the production.  The parties are unable to resolve the issues raised in this Motion amongst themselves without Court intervention.

By: /s/ *Daniel C. Shatz*