MALIBU MEDIA, LLC,       )
                                   )
   Plaintiff,           )
v.                        )   Civil Action No.
                                   )   8:14-cv-1580-VMC-TBM
GREGORY WEAVER,         )
                                   )
   Defendant.           )
_____)

**DEFENDANT'S REPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, GREGORY WEAVER, by and through his undersigned counsel, pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 3.01(b), and responds to Plaintiff's Motion for Summary Judgment (Doc. 74).

## I.   **Introduction**

Plaintiff brought its motion for summary judgment without evidence that Defendant actually copied any of the 31 videos alleged in Plaintiff's amended complaint. Plaintiff's proposed expert, Patrick Paige, explains that he found evidence on Defendant's hard drive of "torrent files" for 25 of the 31 movies listed in the amended complaint. However, as aptly explained by Plaintiff, a "torrent file" does not contain a copy of the actual video. A torrent file is merely instruction on how to download the video via BitTorrent.

In an attempt to change the evidence to support Plaintiff's position, Plaintiff has changed Defendant's testimony. A review of the cited sections of Defendant's deposition demonstrates that Plaintiff drastically misstated Defendant's true testimony.

Moreover, Defendant should be given a fair opportunity to refute Plaintiff's motion for with evidence he uncovers through discovery. Plaintiff brought this motion for summary judgment about a month before the close of discovery (January 8, 2016), while Defendant's discovery requests and one motion to compel discovery remains outstanding, and prior to Defendant's scheduled 30(b)(6) deposition of Plaintiff (which just occurred on December 30, 2015). Such discovery will likely uncover evidence to support Defendant's affirmative defenses and refute the validity of Plaintiff's copyright. Therefore, at this stage many aspects of Plaintiff's motion are premature.

Regardless, because Plaintiff cannot even establish an essential element of copyright infringement – that Defendant *copied* any of the 31 videos as alleged in the Amended Complaint – Plaintiff's motion for summary judgment should be denied. As to Defendant's affirmative defenses and his refuting of Plaintiff's ability to establish valid copyrights,

ruling on the motion for summary judgment should be delayed to afford Defendant a fair opportunity to refute Plaintiff's arguments as discovery remains outstanding.

## II.  Undisputed Facts

A.   No copies of (or portions of) the movies listed in Plaintiff's Amended Complaint were found on Defendant's hard drive or in Defendant's possession. *See* Doc. 74-3.

B.   The alleged downloads could have been downloaded from more than one computer connected to IP address 173.78.19.241. **Exhibit "1"** at 5 ¶ 21.[1]

C.   Defendant never actively monitored his wireless network to determine whether unauthorized users were using his Internet during the period of alleged downloads. Doc. 74-4, 132:9-23.   Therefore, it is possible that someone else used his Internet during the period of alleged downloads.

D.   Plaintiff has failed to correlate IP address 173.78.19.241 to Defendant's Internet account for each of the 31 alleged downloads. *Compare* Doc. 74-3, ¶ 13[2] *to* Doc. 10-2 (listing 31 alleged "Hit" dates).

---

[1]   Plaintiff's Response to Defendant's Request for Admission No. 21, admitting that "The alleged downloads could have been downloaded from more than one computer connected to IP address 173.78.19.241."

[2] Patrick Paige determined, in his opinion, "Defendant's MacBook used IP address 173.78.19.241" on only three dates: "February 21, 2014, April 15, 2014, and August 18, 2014."

E.  IPP and/or Excipio cannot detect a specific computer using an IP address but can only detect the IP address, and nothing more. Exhibit "1" at 8 ¶ 32.[3]

F.  Plaintiff could choose to remove the ability of members to download its films but choses not to. Exhibit "1" at 6-7 ¶ 27.[4]

G.  Defendant cannot recall who were at his home during the alleged hit dates. Doc. 74-4 at 16:17-25, 17:1-6.

H.  Defendant is unsure whether his Internet was password protected during the period of alleged downloads. Doc. 74-4 at 30:10-20.

## III. Legal Standard

> The party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case.  In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.  All reasonable doubts about the facts should be resolved in favor of the non-movant.  If the record presents

---

[3]  Plaintiff's Response to Defendant's Request for Admission No. 32, admitting that "IPP and/or Excipio did not detect or identify any MAC Address or any other data that would identify a specific computer connected to IP Address 173.78.19.241."

[4]  Plaintiff's Response to Defendant's Request for Admission No. 27, admitting: "You could choose to remove the ability of members to download your films but chose not to."

> factual issues, the court must not decide
> them; it must deny the motion and proceed
> to trial. Summary judgment may be
> inappropriate even where the parties agree
> on the basic facts, but disagree about the
> inferences that should be drawn from these
> facts. If reasonable minds might differ
> on the inferences arising from undisputed
> facts, then the court should deny summary
> judgment.

*Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368-69 (11th Cir. 1982) (internal citations omitted).

## IV. Analysis

### A. Plaintiff has failed to establish the elements of copyright infringement

First, Plaintiff's motion for summary judgment should be denied because Plaintiff has not proven the elements of copyright infringement, which are: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). "Once copying is established, a plaintiff must show that the copying amounts to an improper appropriation by demonstrating that substantial similarities relate to protectable material." *Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011) *aff'd,* 476 F. App'x 190 (11th Cir. 2012). Or, in other words, Plaintiff must then demonstrate "the copying of

copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Bateman,* 79 F.3d at 1541. Here, however, despite conducting a forensic search of Plaintiff's hard drive, Plaintiff has been unable to uncover any actual copies of the at-issue films, or even a single piece of any of those thirty-one films. Essentially, Plaintiff has been unable to prove that Defendant copied those films.

### 1. "Torrent files" are not pieces of the movie or evidence of copying.

Rather than uncover any actual evidence that the at-issue videos had been copied, Paige was only able to uncover "torrent files," which are not copies of the movies or evidence that Defendant downloaded the movies.

Just two months ago in a similar case by Malibu Media, Plaintiff openly explained that "torrent files" do not contain an actual media file at all, and that "downloading a .torrent file correlated to a media file is not the same thing as downloading the media file itself." **Exhibit "2"** at 5, Plaintiff's Response in Opposition to Defendant's Motion for Sanctions in *Malibu Media, LLC v. Sharp*, 8:14-cv-02138-VMC-MAP [Doc. 81]. In *Sharp*, the defendant had moved for sanctions after Plaintiff's agent had admitted under oath to downloading

"torrent files" to certain movies, then separately, in discovery, Plaintiff denied having ever downloaded actual copies of those particular movies — the media files — had ever been downloaded. In an effort to describe the difference between a "torrent file" and the actual movie files, Plaintiff explained how someone (including its German agents) can download a "torrent file" but not the corresponding movie:

> In the BitTorrent file distribution system, a torrent file is a computer file that contains metadata about files and folders to be distributed, and usually also a list of the network locations of trackers, which are computers that help participants in the system find each other and form efficient distribution groups called swarms. *A torrent file does not contain the content to be distributed; it only contains information about those files, such as their names, sizes, folder structure, and cryptographic hash values for verifying file integrity.* A file with the TORRENT file extension is a BitTorrent Data file. TORRENT files contain information for how files should be accessed through the BitTorrent P2P network, much like a URL. Things like file names, locations, and sizes are included in a TORRENT file. ***The digital files that are downloaded using TORRENT files are not contained in the file itself, but instead are simply referred to through it.***

*Id* at 3-4 (internal quotations and citations omitted) (emphasis in original).

Notably, here, Paige only allegedly uncovered "torrent files" but failed to uncover on Defendant's hard drive even a piece of the actual "works" listed in Amended Complaint.

> **2. Evidence of other, unrelated movies is not evidence related to the videos at issue in this lawsuit.**

The only X-Art movies Paige found on Defendant's hard drive were "A Thought of You" and "Rope Priority" – neither of which are at issue in this lawsuit. Paige states:

> Using IEF software, I searched the MacBook's unallocated space for movies. I located two X-Art movies on Defendant's hard drive, "A Thought of You" and "Rope Priority." Both movies were in the unallocated space which confirms that the files were deleted.

Doc. 74-3 at 6 ¶ 27.

This lawsuit is about the 31 titles listed in the amended complaint, nothing more. Despite that Plaintiff tries to speculate otherwise, it is not about any *other* videos. If Lucasfilm sued for infringement of *Star Wars* (1977) and found evidence that *Star Wars Episode I: The Phantom Menace* (1999) had been copied, that evidence would not be sufficient to prove that the original 1977 *Star Wars* from had been copied and in fact would be wholly irrelevant to that issue if not (insulting to many fans of the original film). Simply, here,

"A Thought of You" and "Rope Priority" are also irrelevant to the "works" at issue.

### 3. If copies of any of the 31 at-issue films existed, Paige would have found them

By this his statement, "I located two X-Art movies . . . in the unallocated space which confirms that the files were deleted," Paige demonstrates he has the technical ability to uncover whether an X-Art film existed on Defendant's hard drive at one point in time — even if later deleted. Yet, given this ability, and despite searching the unallocated space on Defendant's hard drive, Paige still failed to uncover a single fragment of any of the movies that are listed in Plaintiff's Amended Complaint. Such absence of evidence indicates that the movies never actually existed on Defendant's hard drive. Because Plaintiff cannot demonstrate that any of the videos, or even bits of the works, as listed on the Amended Complaint, ever existed on Defendant's hard drive, Plaintiff cannot prove that Defendant copied elements of the works, an essential element of a copyright infringement claim. Therefore, Plaintiff has failed to establish the elements for a copyright infringement cause of action, and Plaintiff's motion for summary judgment must be denied.

### 4. Defendant never admitted to downloading the films listed in Plaintiff's Amended Complaint

Next, Plaintiff emphasizes that Defendant admitted to having watched "Xart" videos — though not the ones at issue in this lawsuit. Plaintiff misleads the court by making it wrongly appear Defendant admitted downloading the movies listed in the Amended Complaint. To the contrary, Defendant never admitted to downloading any of those 31 films. Doc. 74-4, 117:6-118:1.[5]  Defendant specifically stated that he did not remember whether he downloaded any of the films alleged in

---

[5]      Q. . . . Mr. Weaver, I would like you to please review Exhibit-E. Exhibit-E is a copy of what was attached to our amended complaint actually as Exhibit-A. You've seen this list before, is that correct?

A. Yes.

Q. I would like you to take a minute to review each and every title that is on this list and let me know when you're done?

A. Yes. Okay.

Q. Mr. Weaver, did you download any of these movies?

A. I don't know.

Q. Using BitTorrent?

A. I don't know.

Q. How do you not know?

A. I don't recognize any of these 23 titles.

Q. None of these titles are familiar to you?

A. No.

the amended complaint, he did not recognize any of the titles. *Id*. As such, Plaintiff has neither an admission from Defendant, nor evidence of the actual works downloaded on Defendant's hard drive.

### 5. Plaintiff's argument relies on speculation and generalizations

Next, any remaining argument by Plaintiff that the transmission of a "torrent file" means that an entire video was downloaded is pure, unfounded speculation relying on assumptions and generalizations. *See, e.g., Malibu Media v. Doe*, 2015 WL 412855 (E.D. Pa. Feb. 2, 2015) (granting a motion for summary judgment in favor of Defendant because, even though Malibu Media had found what it purported to be a fragment of a video file on Defendant's computer, it had "a complete failure of proof concerning an essential element of its claim"). On a motion for summary judgment, the Court cannot even consider such speculation as it must make all reasonable doubts about the facts in favor of the non-movant. As retrieved by Paige from Defendant's hard drive, Plaintiff cannot demonstrate that Defendant completed a download for any of the works alleged in the Amended Complaint.

Plaintiff fantasizes that the movie files "were either erased per Defendant's admission or stored on one of the

undisclosed and unexamined computer devices." Doc. 74 at 10, n.6. But such argument has no evidentiary basis. Plaintiff cannot demonstrate that any of the works existed — now or ever — on Defendant's computer. Plaintiff's speculation is wholly insufficient to prove Plaintiff's case. Outside speculation, Plaintiff cannot prove anything more than the downloading of a mere "torrent file" by Defendant, which is insufficient. As such, Plaintiff's motion must be denied.

6.  **Plaintiff has failed to establish that Defendant was assigned IP address 173.78.19.241 for each download**

Lastly, regarding the evidence from its German agent, Plaintiff cannot even conclusively connect Defendant's Internet account to IP address 173.78.19.24 for any of the alleged "hit" date and times. Plaintiff has no evidence that the IP address in question was leased to Defendant on the "hit" date and times of the 31 allegedly downloaded videos. "IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet." *U.S. v. McCall*, 2:13- CR-144-MEF, 2014 WL 65738, at *13 (M.D. Ala. 2014). "IP addresses can change frequently due to their dynamic nature."

*Bubble Gum Prod., LLC v. Does 1-80*, 2012 Copr. L. Dec. P 30292, 2012 WL 2953309 (S.D. Fla. 2012).[6]

   Although Plaintiff accuses Defendant of downloading 31 separate videos at 31 separate times (Doc. 10-1), Paige was only able to correlate Defendant's Internet to IP Address 173.78.19.241 on three dates: February 21, April 15, and August 18, 2014. However, the 31 videos were allegedly downloaded at entirely different times.[7] Even if Plaintiff had irrefutable proof that IP address 173.78.19.241 were assigned to Defendant's Internet account on February 21, April 15, and August 18, 2014, such would not mean that IP address 173.78.19.241 was assigned to Defendant's account on any of the *other* alleged "hit" dates. Essentially, Plaintiff failed

---

[6] *See also Call of the Wild Movie, LLC v Does 1-1,062*, 770 F.Supp. 2d 332, 357 (citing *Klimas v. Comcast Cable Commc'n, Inc.*, 465 F.3d 271, 275 (6th Cir. 2006) ("dynamic IP addresses constantly change and unless an IP address is correlated to some other information, such as [the ISP's] log of IP addresses assigned to its subscribers . . ., it does not identify any single subscriber by itself")).

[7] 06/04/2014 21:15:53 Morning Glory, 06/04/2014 21:07:37 Epic Love, 06/04/2014 20:59:40 Just Watch Part 2, 06/04/2014 20:47:32 Blindfold Me Baby, 06/04/2014 20:47:00 From Three to Four Part 2, 05/21/2014 20:21:24 Perfect Timing, 05/21/2014 20:10:43 Meet My Lover From Austria, 04/24/2014 10:52:11 Group Sex 04/24/2014 10:49:54 Come To Me Now, 04/24/2014 10:48:34 I Want You To Watch Me, 04/24/2014 10:40:57 Double Tease, 04/16/2014 17:40:20 A Hot Number, 04/16/2014 15:24:50 Catching Up, 04/09/2014 18:13:27 Wake Me Up, 04/09/2014 18:03:20 Not Alone, 04/09/2014 18:02:33 Floating Emotions, 04/09/2014 17:53:41 Pink Perfection, 03/24/2014 12:03:54 Insanely Gorgeous, 03/24/2014 11:51:38 Sweet Surrender, 03/24/2014 11:50:24 Deep Blue Passion, 03/12/2014 09:59:18 Sweet Dreamers, 03/12/2014 09:48:38 Trophy Wife, 03/12/2014 09:41:57 Remembering Strawberry Wine, 03/01/2014 16:53:17 Morning Meditation, 03/01/2014 16:32:44 Sex and Submission, 02/26/2014 21:15:51 I Am In the Mood, 01/28/2014 11:47:33 Season of Love, 01/28/2014 11:43:27 Mile High Club, 01/28/2014 11:38:23 I Can Not Wait, 01/28/2014 11:36:55 Get Wild at Home, and 01/28/2014 11:31:01 They Only Look Innocent.

to obtain the identity of the Internet subscriber at the 31 alleged "hit" dates. As Plaintiff has failed to associate Defendant's Internet account with the IP address in question, Plaintiff's motion for summary judgment must be denied.

7. **Defendant disputes the first element of copyright infringement: ownership of copyright, and is still conducting discovery**

Finally, Defendant is still conducting discovery regarding the ownership of copyrights (the first element of infringement). Defendant has filed a motion to compel (Doc. 79) and is awaiting information pertaining to whether Plaintiff complied with the work-made-for-hire formalities of the Copyright Act in producing its videos. As such, Defendant asks that the Court allow Defendant through to the close of the discovery period to present evidence negating Plaintiff's claim of copyright ownership.

B. <u>**Issues of Material Fact Remain as to Defendant's Affirmative Defenses**</u>

In moving for summary judgment on Defendant's affirmative defenses, Plaintiff cites to the deposition of Defendant and claims, "Defendant testified that he is unaware of any basis to support this so-called affirmative defense." Doc. 74 at 13. Plaintiff improperly seeks to use this testimony, wherein Defendant admitted to not understanding what his affirmative

defenses were or the evidence that supports them, as a judicial admission that the affirmative defenses are unsupported. Plaintiff asked Defendant whether he had evidence to support each affirmative defense. Doc. 74-4, 102:7-10. Defendant said that he "didn't come prepared to have answers" to that question. Doc. 74-4, 102:3-25. Defendant, a lay person, clearly explained in that deposition that he does not know the legal definition of an affirmative defense, he does not understand how affirmative defenses are used in a federal lawsuit, and he does not understand what it means to have evidence to support an affirmative defense. Doc. 74-4, 133:13 – 134:3. Therefore, Plaintiff's attempt to conclusively eliminate Defendant's affirmative defenses based on Defendant's ignorance as to the legal analysis of each affirmative defense is unavailing. Furthermore, in Defendant's deposition, nearly all questions related to the affirmative defenses were objected to. These questions are objectionable for various reasons, but mostly because they seek legal conclusions, fail to lay predicate, assumed facts not in evidence, or were leading. Contrary to Plaintiff's allegations, each affirmative defense was properly raised and is supported by evidence on record.

### 1. __First Affirmative Defense__

In his first affirmative defense, Defendant alleges that Plaintiff cannot prove Defendant made a complete copy of the work alleged by Plaintiff. Doc. 27 at 13. The evidence presented by Plaintiff supports this defense. A finding of copyright infringement requires finding a "copying of constituent elements of the work that are original." *Bateman*, 79 F.3d at 1541. As discussed above, Plaintiff has not been able to uncover copies, in whole or in part, of Plaintiff's works on Defendant's hard drives. Without demonstrating that Defendant copied Plaintiff's work, Plaintiff cannot make out a claim for copyright infringement. As such, Defendant's first affirmative defense properly negates Plaintiff's claim, and Plaintiff's motion for summary judgment should be denied.

### 2. __Second Affirmative Defense__

In his second affirmative defense, Defendant asserts that any copying was *de minimis* and that Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity. The *de minimis* defense is assessed with respect to both the quantitative and the qualitative significance of the amount copied to the copyrighted work as a whole. *Peter Letterese & Assoc's, Inc. v. World Inst. of Scientology Enterprises*, 533 F.3d 1287, 1307 (11th Cir. 2008). Plaintiff

claims that copying even a small portion of a work may constitute infringement. However, as discussed above, despite scouring Defendant's hard drive, Plaintiff has been unable to present evidence of Defendant copying even a fragment of the works. Copies of the Plaintiff's works were not found on Defendant's hard drive, only torrent files, which do not contain the works. Therefore, qualitatively and quantitatively, Defendant has not copied any of Plaintiff's works, the evidence supports this affirmative defense, and Plaintiff's motion should be denied.

### 3. __Third Affirmative Defense__

In his third affirmative defense, Defendant asserts that Plaintiff failed to mitigate damages. "The 'essence' of a failure to mitigate damages affirmative defense is that 'all or a part of the plaintiff's damage should reasonably have been avoided by the plaintiff . . . .'" *Malibu Media v. Guastaferro*, 2015 WL 4603065, (E.D. Va. 2015) (citing *Bossalina v. Lever Bros.*, 849 F.2d 604 (4th Cir. 1988) (quoting 22 Am. Jur. 2d Damages § 200 (1965)); *accord Malibu Media*, 2013 WL 1702549, at *8 (describing failure to mitigate damages as an "equitable defense[] that foreclose[s] or limit[s] a plaintiff's ability to recover from an injury due to its own misconduct)). "Some courts have recognized that a

plaintiff's knowing failure to stop ongoing copyright infringement may represent a failure to mitigate." *Guastaferro*, 2015 WL 4603065 (citing *Tingley Sys*., *Inc*. *v*. *HealthLink*, *Inc*., 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007) (genuine issue of material fact existed on failure to mitigate damages defense where a dispute existed over whether copyright holder sent warning letter to defendant); *Malibu Media*, *LLC v. Zumbo*, No. 2:13-cv-729, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014) (denying motion to strike where defendant alleged plaintiff "purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers")). "Although typically only applied to claims for actual damages, the defense may be relevant to claim requesting statutory damages because 'one purpose of statutory damages is to approximate actual damages that are difficult to prove.'" *Guastaferro*, 2015 WL 4603065 (citation omitted).

Plaintiff has admitted it could choose to remove the ability of members to download its films but choses not to. Exhibit "1" at 6-7 ¶ 27. Plaintiff could drastically reduce the instance of its films being infringed on BitTorrent if it removed the ability to download its works on its website.

Plaintiff's failure to mitigate damages should be considered by the court if statutory damages are assessed.

### C. <u>Ruling should be delayed until discovery is completed</u>

Finally, Defendant should have a fair opportunity to discover information relevant to Plaintiff's motion for summary judgment and Defendant's affirmative defenses. A ruling on Plaintiff's motion for summary judgment and Defendant's affirmative defenses should be delayed to allow completion of discovery. *See Dean v. Barber*, 951 F. 2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion"). *See also Snook v. Trust Co. of Ga.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery").

The discovery deadline is January 8, 2016 (Doc. 68). Defendant is still working with Plaintiff to receive full and adequate responses for some requests and has just conductd its 30(b)(6) deposition of Plaintiff on December 30, 2015. Defendant is also awaiting the results of a pending motion to compel (Doc. 79). Finally, Defendant's expert is still analyzing the copy of Defendant's hard drive Paige examined

and may not be completed (through stipulation between the parties) until January 12, 2016.

Pending discovery should provide Defendant with evidence regarding Plaintiff's claim for copyright infringement and Defendant's affirmative defenses. For example, Defendant intends to question Plaintiff about its claims, the validity of Plaintiff's copyrights, and Defendant's affirmative defenses. Additionally, outstanding discovery includes Defendant's Request for Production No. 20 which requests invoices for payment sent to Plaintiff from IPP and from Excipio; Defendant's Request for Production No. 23 which requests any and all internal memo(s), correspondence, communications, or notes related to deterring the piracy of Plaintiff's works; Defendant's Request for Production No. 24 which requests the minutes of any company meetings where the subject matter was the deterrence the downloading of the works via BitTorrent; and Defendant's Request for Production No. 27 which requests Plaintiff's profit and loss statements and balance statements. Such discovery is pertinent to proving Defendant's affirmative defenses.

Finally, Defendant is also conducting discovery as to damages. Although Plaintiff repeatedly uses the word "works," Defendant contends that, for purposes of damages, the films

constitute one "compilation" or "collective work." Although Malibu Media regards the individual videos as separate and independent from the website wherein they appear, these videos are assembled into a collective whole in one work, the website www.xart.com, which is accessible to user members by one single subscription. The website is therefore a "collective work" under the 1976 Copyright Act and thus also necessarily a "compilation." *Stokes Seeds Ltd. v. Geo. W. Park Seed Co., Inc.*, 783 F. Supp. 104 (W.D. N.Y. 1991). As such, if there were an infringement (assuming that Plaintiff proves all elements of same), such should result in a single statutory damages award, regardless of whether each film may have been registered separately or received a separate copyright. *See, e.g., Bryant v. Media Right Prod., Inc.*, 603 F.3d 135 (2d Cir. 2010), cert. denied., 131 S.Ct. 656 (2010) (finding an album of songs a single compilation). The fact that there were any independent copyrights or registrations predating publication of all films on one website is "inconsequential in light of the plain language of section 504(c)(1)" and "irrelevant to this analysis." *Ackourey v. Mohan's Custom Tailors, Inc.*, 101 U.S.P.Q.2d 1635, 2012 WL 33065 (E.D. Pa. 2012) (limiting Plaintiff to a single statutory damage award of multiple drawings that were later published in one single stylebook).

Therefore, as discovery is still pending, a ruling on Plaintiff's motion for summary judgment should be delayed until Defendant has had a fair opportunity to complete discovery to dispute Plaintiff's motion.

## V.    Conclusion

Plaintiff brought its motion for summary judgment without any evidence that Defendant actually copied any of the videos as alleged in the amended complaint, as Plaintiff aptly explained torrent files do not contain copies of the actual movie. Without meeting this essential element of copyright infringement, Plaintiff's motion for summary judgment must be denied. Finally, Plaintiff failed to establish that the IP address in question correlated to Defendant's Internet account on the "hit" dates of any of the 31 alleged downloads.

Plaintiff's motion for summary judgment as to Defendant's affirmative defenses must also be denied because Defendant has evidence to support his affirmative defenses and should be given a fair opportunity to complete discovery. As to Defendant's first and second affirmative defenses, Plaintiff itself has demonstrated that it cannot prove that Defendant downloaded any portion of the work, and that the copying is at most *de minimis*. In regard Defendant's third affirmative defense, Plaintiff admitted it could chose to eliminate the

ability to download its works from its website but choses not to and has therefore failed to mitigate damages. Because Plaintiff failed to establish the essential elements of copyright infringement without issue of material fact, Plaintiff's motion for summary judgment should be denied; furthermore, Defendant should be given a fair opportunity to complete discovery.

WHEREFORE, Defendant, GREGORY WEAVER, respectfully requests that this Honorable Court enter an order denying Plaintiff's Motion for Summary Judgment [Doc. 74].

## ATTORNEY'S CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on **December 31, 2015,** a true and correct copy of the foregoing has been served to Plaintiff's attorney via e-mail to klipscomb@lebfirm.com, copyright@lebfirm.com, ekennedy@lebfirm.com, dshatz@lebfirm.com, and csebastian@lebirm.com .

*Attorneys for Defendant:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803-4809
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
[X] CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@cynthiaconlin.com
[ ] JENNIFER DAWN REED, ESQ.
Florida Bar No. 104986
Jennifer@cynthiaconlin.com
Secondary Email for Service:
Jeff@cynthiaconlin.com