UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                    Case No. 8:14-cv-1580-T-33TBM

GREGORY WEAVER,

    Defendant.
_____/

**ORDER**

This cause comes before the Court upon Defendant Gregory Weaver's Amended Motion for Leave to File Multiple Motions in Limine, with Motion for Clarification (Doc. 102). The Motion seeks leave to file four motions in limine, each 25 pages in length, and clarification as to when the deadline for the filing of Daubert motions passed. Although Plaintiff Malibu Media, LLC has not indicated whether it opposes the Amended Motion (Id. at 8), the Court finds no response is necessary.

As an initial matter, Weaver's argument that there are "inconsistencies" between the Court's November 23, 2015, Order (Doc. # 68) and the Case Management Report (Doc. # 31) is unpersuasive.[1] Weaver misconceives the purpose of a Case

---

[1] Notably, even under the Case Management Report submitted by the parties, the deadline for filing Daubert motions lapsed

1

Management Report; a Case Management Report is how the Court affords the parties an opportunity to provide input into the drafting of a Case Management and Scheduling Order. The Case Management Report in no way binds the Court, nor does it set the schedule for litigation. Rather, the Court's Case Management and Scheduling Order sets the schedule and it is the schedule established by Court Order that controls. Contrary to Weaver's baseless assertion, the Court has extended the schedule two times heretofore, see (Doc. ## 41, 68). Indeed, had the original schedule not required modification on multiple occasions, the time for filing all pretrial motions would have long since passed. See (Doc. ## 33, 41).

The Court now provides the following clarification in response to Weaver's Amended Motion. As both Case Management and Scheduling Orders show (Doc. ## 33, 41), the Court treats Dispositive motions, e.g., motions for summary judgment, the same as Daubert motions for purposes of deadlines. Those Case Management and Scheduling Orders explicitly treat Daubert motions differently than "all other motions in limine." Thus,

---

on February 1, 2016. (Doc. # 31 at 2). Thus, even if the Court accepted Weaver's misplaced reliance on the Case Management Report, Weaver's Daubert motions would be untimely.

the more reasonable interpretation of the Court's November 23, 2015, Order (Doc. # 68) that extended various deadlines would be that it continued to treat Daubert motions the same as dispositive motions and differently than "all other motions in limine" for purposes of scheduling. If Weaver was unsure of how to interpret the Court's Order, the appropriate course of action would have been to request clarification from the Court before the deadline lapsed, not wait until after the deadline passed or take it upon himself to interpret a Court Order.

Accordingly, the Court denies Weaver's Amended Motion for Leave to File to the extent it seeks permission to file two Daubert motions. Furthermore, as to Weaver's request to file two motions in limine, his assertions (Doc. # 102 at 1-3) do not convince the Court that 50 pages' worth of argument is necessary, especially in light of the fact that multiple motions in limine are not favored. Nevertheless, the Court will provide an accommodation to Weaver; he may file **one** motion in limine not to exceed **35** pages.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Gregory Weaver's Amended Motion for Leave to File Multiple Motions in Limine, with Motion for

3

Clarification (Doc. 102) is **GRANTED IN PART AND DENIED IN PART**.

(2) The deadline for filing <u>Daubert</u> motions has already passed.

(3) Defendant Gregory Weaver may file **<u>one</u>** motion in limine not to exceed **<u>35</u>** pages.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE