UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

v.                      Case No. 8:14-cv-1580-T-33TBM

GREGORY WEAVER,

       Defendant.

_____/

**ORDER**

This matter comes before the Court upon Defendant Gregory Weaver's Objections to Magistrate's Order Denying Defendant's Motions to Compel, which was filed on January 19, 2016 (Doc. # 94). Plaintiff Malibu Media, LLC has not filed a response; however, the Court finds that no response is necessary. For the reasons that follow, the Court overrules the Objection.

**Discussion**

Before addressing the merits of Weaver's Objection, the Court finds it necessary to outline its efforts to maintain a schedule in order to bring this case to a just, speedy, and inexpensive resolution. On April 4, 2015, the Court entered its first Case Management and Scheduling Order, which established a discovery deadline of October 9, 2015. (Doc. #

1

33 at 1). Then, because of its accommodation to the parties regarding the disclosure of expert reports (Doc. # 40), the Court found it necessary to enter an Amended Case Management and Scheduling Order (Doc. # 41). The Amended Case Management and Scheduling Order moved the discovery deadline to November 9, 2015. (Id. at 1).

A flurry of motions regarding discovery concerning expert reports and production of Weaver's hard-drive then ensued. (Doc. ## 42-57, 60, 63-66). Also during this period, counsel for Weaver and Malibu Media conferred in early-November of 2015, regarding issues related to various interrogatories and requests for production. (Doc. ## 85-7, 86-4). Following this contentious period of discovery, the Court was asked by Weaver to modify the Amended Case Management and Scheduling Order (Doc. # 66). On November 23, 2015, the Court—for a second time—extended the discovery deadline, this time to January 8, 2016. (Doc. # 68). Thus, in total, the parties were provided an extra 91 days of discovery.

The day before the discovery deadline was set to expire, Weaver filed two motions to compel: one as to Weaver's interrogatories and the other as to Weaver's requests for production. (Doc. ## 85, 86). The Honorable Thomas B. McCoun

III, United States Magistrate Judge, to whom the motions to compel were referred, denied the motions. (Doc. # 91). In so doing, Judge McCoun's Order outlined the relevant course of discovery, including the Court's prior two extensions of the discovery deadline, and found that Weaver failed to provide a "reason or good cause for the delay in bringing the motions." (Id. at 2). Judge McCoun further found that Weaver failed to "offer a basis for extending the discovery deadline yet again . . . ." (Id.).

Weaver has timely filed the present objection. (Doc. # 94). Federal Rule of Civil Procedure 72(a) states:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Weaver argues because the Amended Case Management and Scheduling Order states, "[t]he Court may deny as untimely all motions to compel filed after the discovery deadline," Judge McCoun's Order should be overturned as contrary to the law. Weaver's argument is unpersuasive.

3

As demonstrated in this Order and Judge McCoun's Order, the Court has been more than accommodating to the parties and has extended the deadlines in this case on multiple occasions. Despite conferring in mid-November of 2015, Weaver waited until the day before the discovery deadline was set to lapse to file his motions to compel. Notably, granting those motions would have required a, or resulted in a de facto, third extension of the discovery deadline. Yet, Weaver presented no justifying reason to the Court for doing so, especially in light of the fact that the Court previously warned counsel no further extensions would be granted (Doc. # 68).

Upon review of the record, Weaver's motions to compel, Judge McCoun's Order denying the motions to compel, and Weaver's Objection, the Court cannot say Judge McCoun's Order was contrary to the law. Accordingly, Weaver's Objection is overruled.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Gregory Weaver's Objections to Magistrate's Order Denying Defendant's Motions to Compel, which was filed on January 19, 2016 (Doc. # 94) is **OVERRULED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u>

day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE