UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                         Case No. 8:14-cv-1580-T-33TBM

GREGORY WEAVER,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Malibu Media, LLC's Unopposed Motion to Seal (Doc. # 101). For the reasons that follow, the Court grants the Motion.

**Discussion**

Federal Rule of Civil Procedure 5.2(d) allows a court to order a filing be made under seal without redaction. Furthermore, Middle District of Florida Local Rule 1.09(a) states:

> a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement

1

>of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

In addition, "[e]very order sealing any item pursuant to this section shall state the particular reason the seal is required." Local Rule 1.09(a), M.D. Fla.

The public maintains a right of access to court operations that "includes the right to inspect and copy public records and documents." Chicago Tribune v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001). The public's right of access is not unbounded, however. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir.2007). For example, "the need for public access to discovery is low because discovery is essentially a private process . . . the sole purpose [of which] is to assist trial preparation." Id. (internal quotation marks omitted) (citation omitted). Furthermore, "[t]he prospect of all discovery material being presumptively subject to the [public's] right of access would likely lead to an increased resistance to discovery requests." Chicago Tribune, 263 F.3d at 1312 n.10.

After consideration, the Court finds that Malibu Media's Motion is due to be granted. This case does not involve

2

governmental officials and the document to be sealed contains information relating to Malibu Media's business practices and strategies along with other information subject to non-disclosure agreements. As such, the Court will permit Malibu Media to file the December 30, 2015, deposition transcript of Colette Pelissier-Field, Malibu Media's 30(b)(6) corporate representative, under seal.

The seal shall remain effective during the pending action. If, at the conclusion of the case, the seal is still in effect, Malibu Media may move to have the seal renewed under Local Rule 1.09(b)-(c) or for other such relief as may be appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Malibu Media, LLC's Unopposed Motion to Seal (Doc. # 101) is **GRANTED.**

(2) The seal shall remain effective during the pending action. The Clerk is directed to maintain the aforementioned deposition transcript under seal during the pendency of the action.

(3) If the seal is still in effect at the conclusion of this action, Malibu Media may move to have the seal renewed

under Local Rule 1.09(b)-(c) or for other such relief as may be appropriate.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE